TYLER HAWKINS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

APPELLATE PRACTICE—FAILURE TO EXCEPT—STATEMENT BY ACCUSED.

1. Where the court passively permits a juror to question the prisoner while making his statutory statement of the matters of his defense, and permits the prisoner, while making such statement, at the request of a juror, to make figures to be compared by the jury with the forgery for which the trial is being had, and no objection or exception to such proceeding is interposed, taken, or noted until after verdict of conviction, the objection comes too late in a motion for new trial, and can not be reviewed by this court upon writ of error. Otherwise if exception had been taken and noted in time.

2. Section 29, p. 519, McClellan's Digest, permits to the party accused, in all criminal prosecutions, the right of making a statement to the jury under oath of the matter of his or her defense. This does not constitute the prisoner a witness, nor

subject him to the rules applicable to witnesses, nor render him liable to cross-examination; and while making such statement the court should, *sua sponte*, prevent any interference with the prisoner, either by questions or suggestions from the jury, the state attorney, the prisoner's counsel, or from anyone else. Should such interference be permitted, over the objection of the accused, it would be reversible error.

Writ of error to the Circuit Court for Suwannee county.

The facts in the case are stated in the opinion of the court.

*J. C. Gallaher* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

Taylor, J. :

The plaintiff in error, Tyler Hawkins, was indicted at the Spring term, 1887, of the Circuit Court for Suwannee county for forgery. He was tried and convicted in February, 1891, but the judgment was reversed upon writ of error to this court, in July, 1891, (Hawkins vs. State, 28 Fla., 363 ; 9 South. Rep., 652,) and the cause remanded for new trial. He was again tried on the 10th of November, 1891, and was again convicted, and from this judgment and sentence the cause is again brought here by writ of error.

The only assignment of error from this last trial, and the only one insisted upon here, is, that the court erred in permitting the defendant to be interrogated

by a juror as to whether he could write, while he was making his statement; and permitting the defendant at the request of the juror to write the set of figures that constituted the gist of the alleged forgery; and then permitting these figures to be used by the jury in comparison with the forged instrument. No objection was made, and no exception was taken, to this proceeding at the time it was going on, nor at any time during the trial, but the objection thereto was made for the first time after the verdict in a motion for new trial. It was too late then to make, or get any benefit from such an objection or exception, and no exception being taken thereto during the trial, under the well-established rule it can not be assigned for error here. Had the defendant by his counsel objected to the proceeding at the time, and the court had then permitted what was done over such objection, we should have had no hesitancy in reversing the judgment for so patent and fatal an error. Our statute (sec. 29, p. 519, McClellan's Digest) permits to the party accused, in all criminal prosecutions, the right of making a statement to the jury under oath of the matter of his or her defense. In construing this statute this court, in Miller vs. State, 15 Fla., 583, very properly held that the making of such a statement, under oath, did not constitute the prisoner a witness, nor subject him to the rules applicable to witnesses, nor make him liable to cross-examination; but that it is simply a presentation verbally, in his own language

and manner, or the matters pertaining to his defense. In Bond vs. State, 21., Fla., 738, it is further held that, by this statute, the prisoner is given an opportunity of stating whatever he may desire bearing upon his case. He may omit what he pleases, may tell what he deems beneficial, and should he withhold anything it can not be drawn from him by cross-examination, no matter what its character or effect may be. He cannot be made to testify against himself as is allowed in some States where he voluntarialy offers himself as a witness. With this construction of the statute we still fully agree. When this defendant, while making his statement, was interrogated by a juror as to whether he could write, the court *sua sponte* should have promptly stopped it; and should have seen to it that the prisoner was not interfered with while making his statement, either by questions or suggestions from the jury, the State's counsel, or his own counsel, or by anyone else. Under the circumstances of this case the prisoner, by this proceeding, was very improperly and unfairly placed between a judicial Scylla and Charybdis. When questioned by the juror as to whether he could write, if he had declined to answer, or if his counsel had objected thereto, it would have tended strongly to prejudice him with the jury; while on the other hand, in being required to write, by exhibiting his own formation of figures to the jury, he was erroneously led to furnish proof that might have been *against*, instead of in *favor* of himself a contingency

that is not comtemplated by our statute. As the original forged instrument and the figures made by the prisoner at the trial are not before us, we have no means, by comparing them, to ascertain whether there is such similitude between them as to have made the figures of the defendant at the trial detrimental, or favorable to him, or whether harm was done to him by the proceedings, or not; but as we think there is an abundance of evidence independently of this to warrant a conviction, and as there was no objection made or exception taken to the interference with the defendant while making his statement, the judgment of the court below is affirmed. But again, we repeat, had an exception upon the point been properly taken and noted, our decision would have been for reversal.