GEORGE HART, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In cases of homicide, the conditions under which evidence of the violent and dangerous character of the deceased may be introduced in evidence, as defined by this court, are that such evidence is admissible to show, or tend to show, that a defendant has acted in self-defense, or under such circumstances as would naturally cause a man of ordinary reason and prudence to believe himself to be, at the time of the killing, in imminent danger of losing his life, or of suffering great bodily harm, at the hands of the deceased, but such evidence is not admissible for the purposes indicated unless it explains or will give meaning or significance to the conduct of the deceased at the time of the killing, or will tend to do so, and the conduct of the deceased at the time of the killing, thus proposed to be explained must be shown before the auxiliary evidence of such character can be introduced. The evidence must show some demonstration on the part of the accused, which, though considered independent of the dangerous character of the deceased, would be regarded as innocent or harmless, yet, when received and considered in connection with or illustrated by such character it may arouse a reasonable belief of imminent peril of the kind mentioned. *Bond vs. State*, 21 *Fla.* 738; *Garner vs. State*, 28 *Fla.* 113, 9 *South. Rep.* 835

2. Under statutes prior to the act of 1895 (Chapter 4400, Laws of Florida), the accused had the privilege of making a statement under oath to the jury of the matters of his or her defense, but in making such statement the accused did not become a witness, nor subject to the rules applicable to witnesses, and such statement *alone* was not sufficient to authorize the introduction of auxiliary evidence of the violent and dangerous character of the deceased at the time of the killing.

3. Under the act of 1895 (Chapter 4400) the rule is different, as this act gives to an accused person, when he elects to avail himself of its provisions, the status of a witness in his own behalf, and what he states is subject to the tests established for weighing the testimony of other witnesses. He can not be forced to testify, and no prejudicial inference on the part of the State can be drawn from his silence; but if he elects to take the stand in his own behalf, he must do it as other witnesses in the case liable to cross-examination upon all facts relevant and material to the issue as other witnesses, and his testimony *alone*, when sufficient in itself for that purpose, will authorize the introduction of evidence of the violent and dangerous character of the deceased.

Writ of Error to the Circuit Court for Gadsden county.

The facts in the case are stated in the opinion.

*George P. Keys*, for Plaintiff in Error.

*W. B. Lamar*, Attorney-General, for the State.

MABRY, C. J.:

The plaintiff in error was indicted for the murder of Sylvesta Royle, and upon trial was convicted of murder in the second degree. From the judgment of the court imposing the penalty of the law for such an offense a writ of error has been prosecuted.

The only point involved in the case is whether, since the act of 1895 (Chapter 4400 laws of Florida) the tes-

timony of the accused alone laying the foundation for the introduction of evidence of the violent character of the deceased will authorize the admission of such evidence. The conditions under which evidence of the violent and dangerous character of the deceased may be introduced in evidence have been sufficiently defined by this court. Bond vs. State, 21 Fla. 738; Garner vs. State, 28 Fla. 113, 9 South. Rep. 835. In Garner's case it was decided that evidence of the violent and dangerous character of the deceased is admissible to show, or as tending to show, that a defendant has acted in self-defense, or under such circumstances as would naturally cause a man of ordinary reason to believe himself to be, at the time of the killing, in imminent danger of losing his life, or of suffering great bodily harm, at the hands of the deceased; but such evidence is not admissible for this purpose except when it explains, or will give meaning or significance to the conduct of the deceased at the time of the killing, or will tend to do so; and such conduct of the deceased at the time of the killing, which is proposed to be thus explained, must be shown before the auxilliary evidence of such character can be introduced. There must be evidence of some demonstration on the part of the accused, which, though considered independent of the dangerous character of the deceased, it would be regarded as innocent or harmless, when received and considered in connection with or illustrated by such character may arouse a reasonable belief of imminent peril of the kind mentioned. The testimony on the part of the State in the present case showed that the deceased died from the effects of a pistol ball discharged by the accused, and that at the time of the shooting there was no over act, or hostile demonstra-

tion, on the part of the former tending to show that the latter acted at the time in self-defense; or, in other words, there was no sufficient predicate disclosed by the State's evidence for the admission of evidence on the part of the accused of the violent and dangerous character of the deceased. After the introduction of the State's evidence the accused tendered himself as a witness, and laid a sufficient foundation for the introduction of such evidence, and then proposed to prove by independent evidence the general reputation of the deceased, in the community where he lived, for violence. The court excluded the evidence on an objection by the State, that no sufficient predicate had been laid for the introduction of such evidence, the defendant being the only witness who testified that he had shot the deceased in self-defense, or that there was any overt act on the part of the deceased before he was shot tending to show that he intended to do the defendant any bodily harm. This ruling was made the ground of an exception. Under the prior statute (Sec. 2908 Rev. Stat.) the accused had the privilege of making a statement under oath to the jury of the matters of his or her defense, but in making such statement the accused did not become a witness, nor subject to the rules applicable to witnesses. The statement when made was for the consideration of the jury alone. Miller vs. State, 15 Fla. 577; Bond vs. State *supra;* Hawkins vs. State, 29 Fla. 554, 10 South. Rep. 822; Ortiz vs. State, 30 Fla. 256, 11 South. Rep. 611. It was the established rule under the decisions of this court that the statement of the accused alone under the former statute would not be sufficient to lay a foundation for the introduction of evidence of the violent and dangerous character of the deceased. Bond

vs. State, *supra;* Steele vs. State, 33 Fla. 348, 14
South. Rep. 841. Acting upon this view of the law,.
and concluding that the act of 1895 made no change,
the Circuit Judge, doubtless, made his ruling in the·
present case. It is evident, however, that a very con-
siderable change has been made by the act of 1895..
The section in the revision as amended reads as. fol-
lows: "Section 2908. Accused may make himself a
witness. In all criminal prosecutions the accused may
at his option be sworn as a witness in his own behalf,
and shall in such case be subject to examination as·
other witnesses, but no accused person shall be com-
pelled to give testimony against himself, nor shall any
prosecuting attorney be permitted before the court or
jury to comment on the failure of the accused to tes-
tify in his own behalf." This statute gives to an ac-
cused person, when he elects to avail himself of its
provisions, the status of a witness in the case, and
what he states is subject to the tests established for
weighing the testimony of other witnesses. He can
not be forced to testify, and no prejudicial inference·
on the part of the State should be drawn from his si-
lence, but if he elects to take the stand in his own be-
half he must do it as a witness in the case, and will
become liable to cross-examination upon all facts rele-
vant and material to the issue as other witnesses and
can not decline to answer any question which would
be proper for other witnesses to answer. Ortiz vs..
State, and Steele vs. State, *supra;* Stover vs. People,
56 N. Y. 315; Ruloff vs. People, 45 N. Y. 213; Peo-
ple vs. Tice, 131 N. Y. 651, 30 N. E. Rep. 494, S. C.
15 L. R. A. 669; Commonwealth vs. Nichols, 114 Mass.
285, S. C. 19 Am. Rep. 346, and notes; Wharton's.
Crim. Ev. (9th ed.), secs. 427 *et seq.;* 1 Thompson on

Trials, sec. 624. We are of the opinion that under the act of 1895 referred to, the testimony of the accused alone, when sufficient in itself for that purpose, will authorize the admission of evidence of the violent and dangerous character of the deceased, and that this results from the character of his testimony under the statute as being that of a witness in the case, and of his status, when testifying, as that of a witness in the cause before the court and jury.

The judgment will, therefore, be reversed and a new trial awarded. Ordered accordingly.