PERRY HANCOCK AND CLYDE SEALEY, *Plaintiffs in Error,*
v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed May 5, 1920.

Petition for rehearing denied June 12, 1920.

1. Burglary and larceny are an exception to the general rule that two distinct offenses cannot be charged in the same count, and such an indictment cannot be demeurred to on the

ground of duplicity. It is clear therefore that a burglary and a larceny committed at the same time may be united in separate counts in an indictment without rendering such indictment bad for duplicity.

2. Where two counts of an indictment relate to the same transaction and the two counts are properly joined, it is not error to deny a motion to quash the indictment on the ground of duplicity.

A Writ of Error to the Circuit Court for Columbia County; M. F. Horne, Judge.

Judgment affirmed.

*Cone & Chapman* and *R. W. Farnell*, for Plaintiffs in Error;

*Van C. Swearingen*, Attorney General, and *D. Stuart Gillis*, Assistant, for the State.

WEST, J.—The plaintiffs in error were tried and convicted in the Circuit Court of Columbia County, upon a charge of grand larceny.

The indictment upon which they were tried contains two counts, one count charging them with the offense of breaking and entering with intent to commit a felony, the other with grand larceny.

Omitting formal parts, the indictment is as follows:

"The Grand Jurors of the State of Florida duly chosen, empannelled and sworn diligently to inquire and true presentment make in and for the body of the County of Columbia, upon their oath present that Clyde Sealy, Perry Hancock and Henry Towles, late of said County, on the

6th day of April, A. D. 1919, in the County and State aforesaid, did unlawfully break and enter a building of another, to-wit, a crib and store house, the property of another, to-wit, D. L. Carmichael, with intent to commit a felony, to-wit, Grand Larceny; Contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida:

"2nd count.

"The Grand Jurors aforesaid upon their oath aforesaid do further present that Clyde Sealey, Perry Hancock and Henry Towles, late of said County, on the 6th day of April, A. D. 1919, in the county and State aforesaid, did unlawfully take, steal and carry away with intent to convert the same to their own use fifty gallons of syrup of the value of $1.00 per gallon and of the total value of fifty dollars and of the goods and chattels of one D. L. Carmichael; Contrary to the form of the statuté in such case made and provided and against the peace and dignity of the State of Florida."

There was a motion by the State for a severance as to the defendant, Towles, which was granted, and plaintiffs in error were put upon trial. They were found guilty by the jury on the second count of the indictment and thereupon were sentenced by the court to serve a term of four years at hard labor in the State Prison.

To review this judgment, writ of error was taken.

The principal contention here is that the indictment is bad because it charges the defendants with having committed two separate and distinct offenses and that the court erred in denying the motion to quash upon the ground of duplicity. No authority is cited in support of

this contention and what we have found is to the con-
trary.  In 4 R. C. L. 437, it is said that, "Burglary and
larceny are an exception to the general rule that two
distinct offenses cannot be charged in the same count,
and such an indictment cannot be demurred to on the
ground of duplicity.  The exception is as well established
as the rule itself, and it is clear that a burglary and a
larceny committed at the same time may be thus united."
See also the following: 1 Bish. Crim. Proc. 423; Whar.
Crim. Law Sec. 1038; Whar. Crim. Pl. & Pr. 244; Parker
v. People, 13 Col. 155, 21 Pac. Rep. 1120, 4 L. R. A. 803;
Breese v. State, 12 Ohio St. 146, 80 Am. Dec. 340; State
v. King, 37 La. 662; Dunham v. State, 9 Tex. App. 330;
Barber v. State, 78 Ala. 19; Harris v. State, 61 Miss. 304;
Becker v. Commonwealth (Pa.) 9 Atl. Rep. 510.

This court is in accord with the foregoing authorities.
In the case of Presley v. State, 61 Fla. 46, 54 South. Rep.
367, the indictment contained two counts, one charging
the defendant with breaking and entering with intent to
commit a felony, the other with grand larceny.  The
court held that since both counts related to the same
transaction and were properly joined there was no er-
ror in denying a motion to require the State to elect
between the counts.

In that case there was a general verdict of guilty.  In
the case under consideration the two counts relate to
the same transaction, but plaintiffs in error were found
guilty under the second count only.  The contention there-
fore that there was error in the order overruling the
motion to quash cannot be allowed.

Several assignments are based upon rulings of the trial
judge respecting the introduction of evidence, but it is
not made to appear here that any of such rulings were
harmful.

By a motion for a new trial plaintiffs in error raise the question of the sufficiency of the evidence to support the verdict. We have read the evidence and think it sufficient to support the charge upon which they were convicted. The jury whose peculiar province it is under our system to pass upon the question of the credibility of the evidence found a verdict of guilty and this verdict has the sanction of the trial court's judgment upon it.

No reversible error having been made to appear the judgment must be affirmed.

WHITFIELD AND ELLIS, J. J., concur.

BROWNE, C. J., AND TAYLOR, J., dissent.

BROWNE, C. J., dissenting.—Section XI of the Bill of Rights of the Florida Constitution provides that "In all criminal prosecutions the accused shall  *  *  * be heard by himself, or counsel, or both." On the trial of this cause one of the accused, Clyde Sealey, took the stand as a witness in his own behalf.

After a few questions, defendant's counsel told the accused to "state to the jury your defense in the case; tell them what you know about it?"

Then appear the following entries in the bill of exceptions:

"The State insists that counsel interrogate his witness."

"BY THE COURT: Question your witness, Mr. Chapman." Whereupon counsel further interrogated the accused, and concluded with this question: "Is there anything else that you would like to state to the jury con-

cerning your defense?" Then this appears: "The State objects same ground before." "Objections sustained, Exceptions noted."

In both instances when the accused was stopped from stating his defense to the jury no specific objections were made, no grounds of objection stated, nor does it appear who interposed them. Nevertheless the objection was sustained, and the accused was not allowed to state anything in defense in reply to this general question. He was not further interrogated by his counsel.

Assuming that this proceeding shows that an objection was interposed by the State's attorney; that it was in proper form, and that it came within the rule of this court that an objection to the introduction of testimony must state the grounds upon which it is inadmissible. I think the court erred in sustaining the objection. The statute that gives an accused the right to be sworn as a witness in his own behalf, does not and cannot deprive him of his right under the Constitution "to be heard by himself or counsel or both." This right existed before the statute, and being a constitutional right cannot be limited by statute. Nor may he be deprived of this constitutional right by the application of technical rules governing the introduction of evidence.

Without statutory authority a prisoner cannot be sworn to testify in his own behalf. In 1870, Chap. 1816, Laws of Florida, was enacted giving the accused the right to make a statement under oath, but as he could not be examined or interrogated by counsel, the court or the jury, Bond v. State, 21 Fla. 738; Hawkins v. State, 29 Fla. 554; Ortiz v. State, 30 Fla. 256, it was helpful only to very intelligent defendants.

Chap. 1816 was amended in 1895 (Sec. 3979, Gen. Statutes) whereby the accused is now permitted at his option to be sworn as a witness in his own behalf, and his counsel may interrogate him if he so desires, but it does not impair his constitutional right to be heard. To so construe the statute would be to make it an amendment to the Constitution, so that its effect would be that he could only exercise his right to be heard in reply to questions propounded by his counsel.

Even under the most skilful examination of the accused, there may still remain some matter whereon he was not interrogated about which he may desire to be heard in his own defense.

I think it was error for the court to refuse to permit him to be heard in reply to this question, and as there can be no such thing as "harmless error" where an accused is deprived of a constitutional right, I think the judgment should be reversed, as to Clyde Sealey.

TAYLOR, J., concurs.