## Commonwealth *v.* Doran, Appellant.

Argued May 5, 1941.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes, Hirt and Kenworthey, JJ.

*John J. Cohen,* for appellant.

*Earl R. Jackson,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee.

Opinion by Rhodes, J., June 30, 1941:

The appellant, Mary Doran, contends that she has been improperly convicted of larceny.

The first count of the indictment on which she was tried charged "that Margaret Smozski and Mary Doran ...... with force and arms, the building of Gimbel Brothers, Incorporated, ...... feloniously and burglariously did wilfully and maliciously enter, with intent the goods, chattels, moneys and property of the said Gimbel Brothers in the said building then and there being, then and there feloniously and burglariously to steal, take and carry away, and [describing merchandise and the value thereof] of the goods, chattels, and property of the said Gimbel Brothers, Incorporated, then and there being found, then and there feloniously and burglariously did steal, take and carry away, ......" The second count of the indictment charged appellant and Margaret Smozski with receiving stolen goods. Margaret Smozski pleaded guilty. The jury found appellant guilty of larceny and receiving stolen goods, but not guilty of burglary.[1] A new trial was refused; sentence was imposed, and this appeal followed.

Appellant's position here is that the verdict of the jury is in contravention of the counts in the indictment, in that the indictment does not contain a charge of larceny.

The first count, in addition to burglary, charged the commission of the felony intended, namely, larceny.[2]

In *Becker et al. v. Commonwealth*, 6 Sadler 428, 9 A. 510, it was held that burglary with intent to commit

---

[1] The Act of June 24, 1939, P. L. 872, §901, 18 PS §4901, provides: "Whoever, at any time, wilfully and maliciously, enters any building with intent to commit any felony therein, is guilty of burglary, a felony ......"

[2] As in section 103 of the Act of March 31, 1860, P. L. 382, 18 PS §2771, the Act of June 24, 1939, P. L. 872, §807, 18 PS §4807, does not define larceny. It simply refers to larceny, and the common-law definition applies.

larceny, and larceny actually consummated, may be charged in the same count in an indictment.

In *Hollister v. Commonwealth,* 60 Pa. 103, the first count of the indictment charged that the accused, with force and arms, in the nighttime, did feloniously and burglariously break and enter the storehouse of Stanton & McMullen, in the borough of Waymart, with intent the goods and chattels of the said Stanton & McMullen to steal, take and carry away; and that having so entered he did steal, take and carry away certain of the goods of the said Stanton & McMullen, describing them. He was convicted as indicted, that is, for burglary. The sentence imposed was reversed, and the prisoner discharged, because the breaking and entering a storehouse, not parcel of a dwelling house, was not burglary by the common law, nor by any statute in this state at that time. The Supreme Court, however, said: "But it was argued that there is embraced in this charge of burglary a charge of larceny. This is true; and it is not to be denied that a conviction by the jury of the minor offense would be sustained. But that was not what occurred in the case."

In *Commonwealth v. Carson et al.,* 166 Pa. 179, 30 A. 985, the indictment charged that the defendants "wilfully and feloniously did break and enter the dwelling house of M. J. Baker, there situate, with intent the goods, chattels and property of M. J. Baker, in the said dwelling house then and there being, then and there feloniously to steal, take and carry away," and "did then and there the goods, chattels and property above mentioned, in the said dwelling house, feloniously steal, take and carry away." It was held that the indictment did not charge the crime of burglary at common law, but that it was good under the Act of April 22, 1863, P. L. 531, and that it was a good count for larceny.

Burglary involves the intended commission of some other offense, and a count charging that crime, together

with the larceny of the goods and chattels in consummation of the purpose for which the entry was made, is good, and the accused may be convicted and sentenced for the larceny alone. See 2 East's P. C. 512; 1 Hale's P. C. 559.

It is the general rule that a count in an indictment which joins two or more distinct crimes or offenses is bad for duplicity, but there are exceptions, for example, burglary with intent to steal, and larceny, where the two crimes are so connected that they, when both are committed, must constitute but one offense. Consequently, where the accused is charged in the same count with the entry of a building with intent to commit larceny, and the actual larceny, the jury may acquit the accused of the burglary and convict of the larceny, but cannot convict of the burglary and the larceny as two distinct offenses. On a general verdict of guilty the accused could be sentenced for the burglary but not for the larceny, as the latter is then merged in the former, and they constitute but one offense. See *Commonwealth v. Hope,* 22 Pick. (Mass.) 1.

The indictment was a sufficient accusation upon which the jury could find appellant guilty of larceny if the evidence justified it, and that is not questioned on this appeal.

The judgment of the court below is affirmed, and it is ordered that the defendant appear in the court below at such time as she may be there called, and that she be by that court committed until she has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.