Commonwealth ex rel. Tyson, Appellant, *v.* Day.

Submitted March 21, 1956.  Before RHODES, P. J.,
HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR,
JJ.

*Calvin Tyson,* appellant, in propria persona.

*H. F. Bonno,* District Attorney, for appellee.

OPINION BY RHODES, P. J., July 17, 1956:

On November 15, 1954, relator, Calvin Tyson, pre-
sented a petition for a writ of habeas corpus to the
Court of Common Pleas of Northumberland County.
On the same day a rule to show cause was issued.  An
answer was filed by the warden of the State Peniten-
tiary at Graterford, and a hearing was held on Feb-
ruary 21, 1955, at which counsel appeared on behalf
of the relator.  It was stipulated that no factual ques-
tions were involved and that there was no reason for
the appearance of relator at the hearing.

The matter was argued orally before the court at
which time an amendment to relator's petition was
submitted.

After consideration of the original petition and the amendment thereto, the court on June 16, 1955, discharged the rule to show cause and dismissed the petition, but directed that a credit of twenty days be allowed on relator's term of imprisonment for time served by him between the date of his parole in the State of Maryland and his return to the Northumberland County Jail.

Relator in his petition and amendment thereto averred that he is now confined in the State Penitentiary at Graterford under an illegal and void sentence imposed by the Court of Oyer and Terminer of Northumberland County on May 23, 1932, at No. 3, May Term, 1932; that the indictment upon which he was tried, convicted, and sentenced charged no crime; that the sentence had expired.

To the court's order of June 16, 1955, dismissing relator's petition for writ of habeas corpus, relator filed a motion to vacate, stating that there had been no adjudication of relator's averment that he had been indicted, tried, convicted, and sentenced under a statute wherein there was neither provision for nor prohibition of the crime alleged. Argument was held thereon before the court below on August 5, 1955, relator being represented by counsel. On August 22, 1955, that court filed an additional opinion refusing relator's motion to vacate its order of June 16, 1955, dismissing his petition for writ of habeas corpus. Relator appealed to this Court on September 6, 1955.

Relator and one Charles O'Neil, alias Anthony Vershinsky, alias Charles Vincent, were indicted on May 17, 1932, at No. 114, May Sessions, 1932, in the Court of Quarter Sessions of Northumberland County on three counts: First count, burglary; second count, felonious entry in the nighttime without breaking, with

intent to commit a felony; third count, receiving stolen goods. To the indictment defendant O'Neil (Vincent) entered a plea of guilty, and the relator herein entered a plea of not guilty. Relator was tried by a jury at No. 3, May Term, 1932, in the Court of Oyer and Terminer of Northumberland County, which returned a general verdict of guilty. On May 23, 1932, relator was sentenced to pay the costs of prosecution, a fine in the sum of $500 and undergo imprisonment in the Eastern State Penitentiary for a period of not less than five years nor more than ten years, the sentence to be computed from January 18, 1932.

On June 1, 1932, while waiting to be transferred to the Eastern State Penitentiary, relator and his co-defendant escaped from the Northumberland County Jail. On December 5, 1953, as the result of a detainer lodged against him, relator was returned to the Northumberland County Jail, and transferred to the Eastern State Penitentiary on January 19, 1954. Since May 13, 1938, he had been confined in the Maryland State Penitentiary, where he was serving a sentence on a charge of murder. From the date of his escape from the Northumberland County Jail to his return thereto on December 5, 1953, relator did not serve any of the sentence imposed by the Court of Oyer and Terminer of Northumberland County on May 23, 1932. On March 29, 1954, relator was transferred to the State Penitentiary at Graterford for further service of the sentence imposed on May 23, 1932.

Relator's first complaint is that the sentence was illegal and void. The same indictment which relator now contends does not support the sentence which he is now serving was considered by this Court in *Com. ex rel. Vincent v. Smith*, 132 Pa. Superior Ct. 469, 1 A. 2d 838. In imposing sentence on relator the court

of oyer and terminer did not sentence relator on any particular count. As we said in the *Vincent* case, the sentence is legally sustainable under the second count; a sentence is legal if it is warranted by any count in the indictment. It is well settled that, if there is one count in the indictment which will sustain the sentence, it cannot be reversed. *Com. v. Bradley,* 16 Pa. Superior Ct. 561, 563; *Com. v. Stanley,* 39 Pa. Superior Ct. 402, 404. Relator's extended argument that the indictment did not state any offense under an applicable statute is devoid of merit. The jury rendered a general verdict of guilty and the court imposed a general sentence. The second count charges an offense under section 2 of the Act of April 22, 1863, P. L. 531, as amended by the Act of March 13, 1901, P. L. 49, §1, 18 PS §3042.[1] These acts were superseded by the Act of June 24, 1939, P. L. 872, §901, 18 PS §4901. See *Com. ex rel. Wolcott v. Burke,* 173 Pa. Superior Ct. 473, 476, 477, 98 A. 2d 206; *Com. v. Hellner,* 160 Pa. Superior Ct. 158, 160, 50 A. 2d 512.

Relator's contention—that the felonious entry count merged with the burglary count, and that as the verdict of guilty of burglary was illegal under the existing law the relator was therefore guilty of no crime—is basically erroneous. A merger cannot occur unless one crime is necessarily involved in the other. *Com. ex rel. Sawchak v. Ashe,* 169 Pa. Superior Ct. 529,

---

[1] "If any person shall in the day time break and enter any dwelling, house, shop, warehouse, store, mill, barn, stable, outhouse or other building, or wilfully or maliciously, either by day or by night, with or without breaking, enter the same with intent to commit any felony whatever therein, the person so offending shall be guilty of felony, and on conviction be sentenced to pay a fine not exceeding five hundred dollars, and to undergo an imprisonment by separate or solitary confinement at labor not exceeding ten years."

536, 83 A. 2d 497. The offense of felonious entry under ordinary circumstances would merge with the offense of burglary. *Com. v. Bailey and Ford,* 92 Pa. Superior Ct. 581, 585. This is true whether the jury brings in a specific verdict of guilty on each charge, as in the *Bailey* case, or a general verdict of guilty. In the latter event the accused may be sentenced only for the greater offense. *Com. v. Doran,* 145 Pa. Superior Ct. 173, 176, 20 A. 2d 815. Where, however, one of the counts, as possibly the burglary count in the indictment in the present case, does not legally charge a crime by the accused there can be no merger of a lesser offense with a greater offense for the obvious reason that there is nothing with which the lesser offense may be merged. "In legal effect, . . . [the burglary charge if invalid] . . . never existed and provided nothing with which a merger could be effected." *Com. ex rel. Kitzinger v. Claudy,* 173 Pa. Superior Ct. 453, 458, 98 A. 2d 457, 459. The second count would remain as though there had been no first count in the indictment.

Moreover, there is no merit in relator's averment in his petition that his sentence imposed on May 23, 1932, expired January 18, 1942. After June 1, 1932, he served no time for the offense for which he was sentenced. Although he was thereafter undergoing imprisonment in another state, he was entitled to no credit on his Pennsylvania sentence. In *Com. ex rel. Accobacco v. Burke,* 162 Pa. Superior Ct. 592, 598, 60 A. 2d 426, we said that, under sections 1 and 2 of the Act of May 28, 1937, P. L. 1036, 19 PS §§894, 895, a period of imprisonment for which credit is to be given must be by reason of "the offense for which said sentence shall be imposed." Whatever confinement the relator underwent in another state by reason of a

separate and distinct offense cannot be treated as a credit against imprisonment required by law with relation to the offense for which the relator was sentenced in the Court of Oyer and Terminer of Northumberland County. The same is true of whatever freedom the relator enjoyed as a fugitive after escape from jail subsequent to sentence.

The Act of 1937 was not in effect at the time relator was sentenced and it was not retroactive. But the purpose of this Act was to regulate and prescribe the computation and running of sentences for criminal offenses; it provides for what is equivalent to a credit on a convict's sentence for the period of actual imprisonment before its imposition. However, relator was given credit by the court from the date of commitment for the offense for which sentence was imposed. See *Com. ex rel. Hill v. Burke,* 165 Pa. Superior Ct. 583, 587, 69 A. 2d 169. For causes which he alone created, the sentence was not fully served. The date from which his sentence was to be computed was not such a part of the sentence as to preclude service of the remainder of the time under the circumstances. Neither before nor since the Act of 1937 would relator's contention prevail; and he is subject to serve the balance of the sentence imposed by the Court of Oyer and Terminer of Northumberland County on May 23, 1932, which had not been served at the time of his escape from the Northumberland County Jail on June 1, 1932.

Relator was not charged with prison breach after his escape from jail on June 1, 1932. Had he been subjected to a sentence for prison breach, such sentence would have commenced from the expiration of his original sentence.

Relator cannot after his indictment, trial, conviction, and sentence question, by a habeas corpus pro-

ceeding, any variance between the indictment and the information. Where, as here, a defendant has gone to trial without raising any objection, the variance would not even be a valid ground upon which to base a reversal of the judgment upon appeal. *Com. v. Bradley*, supra, 16 Pa. Superior Ct. 561, 563. See, also, *Com. v. Danner*, 79 Pa. Superior Ct. 556, 558; *Com. ex rel. Tanner v. Ashe*, 365 Pa. 419, 76 A. 2d 210.

The order of the court below is affirmed