## Commonwealth ex rel. McNeair, Appellant, *v.* Banmiller.

102

Submitted January 10, 1958.   Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

*Joseph McNeair,* appellant, in propria personna.

*Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, March 24, 1958:

This appeal is from an order dismissing a petition for a writ of habeas corpus filed by the appellant, who is now confined in the Eastern State Penitentiary to which he was committed on October 11, 1950, upon being sentenced to life imprisonment for first degree murder.

Some eight years before, he had been convicted of murder in the second degree for a felonious killing for which he had then been sentenced to the Eastern State Penitentiary for a term of 5 to 10 years commencing March 19, 1943.   Upon the expiration of the minimum portion of that sentence, viz., on March 19, 1948, the relator had been paroled for the balance of the maximum term.   It was during the period of his parole on the first sentence that he perpetrated the second killing for which he was committed on October

11, 1950, as above stated, to the Eastern State Penitentiary to serve the life sentence fixed by the jury's verdict.

Subsequently, on the recommendation of a lunacy commission appointed by the court, the relator was transferred on January 11, 1952, to the State Hospital at Farview. He escaped from that institution on July 16, 1954, but was later apprehended and returned there on September 13, 1954, having been at large for a period of 58 days. On September 19, 1955, the relator was returned from Farview to the Eastern State Penitentiary where he continues to serve his life sentence.

The prison records show that the maximum of the relator's term of imprisonment for his conviction of murder in the second degree expired on June 18, 1955, taking into account his breached parole and his time at large, and that his life sentence for his conviction of murder in the first degree began on that date. It is the relator's present contention, however, that the life sentence should be made to appear as having commenced five years and 58 days earlier than the prison records show. The court below aptly characterized the contention as "bizarre to the point of absurdity." Obviously, it does not make the slightest difference to the legality of the relator's present restraint whether his service of the life term began on June 18, 1955, or five years and 58 days earlier. He still has his life term to serve. The following excerpts from the opinion of the court below make it plainly evident that the appellant began serving his life sentence on June 18, 1955.

"The prison records are correct. The crime of which the relator was convicted on October 11, 1950, was a violation of his parole. He was therefore obliged to serve the remainder of his 10-year sentence for the earlier offense and, since he was recommitted to the

same institution, his original term preceded the commencement of his new term for the second offense . . . . On his return to the Eastern State Penitentiary after his second conviction, the relator was properly recorded as serving the remainder of his 10-year sentence, which would expire on April 21, 1955, five years from his apprehension and confinement on April 21, 1950. It is immaterial that the presiding judge, when imposing the life sentence, may have made no mention of the prisoner's 'back time.' 'The designation of the effective date of the sentence imposed for the crime committed while on parole does not mean that such sentence is to be served concurrently with the unexpired portion of his original sentence, that is, the remainder of the term originally imposed; the effective date of such sentence is supplied merely to compensate for the time spent in confinement from the date of arrest.' Com. ex rel. Thomas v. Maroney, 175 Pa. Superior Ct. 446, 448 (1954).

"When the relator escaped from the Farview Hospital, he was absent therefrom for 58 days. Whatever freedom he enjoyed as a fugitive could not be credited against his sentence. Com. ex rel. Tyson v. Day, 181 Pa. Superior Ct. 259 (1956). His 10-year sentence, therefore, would expire 58 days later than it would have had he not escaped, or on June 18, 1955, instead of April 21, 1955.

"The relator is presently undergoing imprisonment for life, and he is properly recorded as having commenced his life imprisonment on June 18, 1955. Since this is the only question raised in his petition for a writ of habeas corpus, and since no factual question was raised and the relator would not in any event be entitled to release from custody, the petition was dismissed without a hearing."

Order affirmed.