UNITED STATES of America ex rel. Steve GOMORI, Jr., Petitioner,

v.

James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.

Misc. No. 2743.

United States District Court W. D. Pennsylvania.

Aug. 7, 1961.

---

Marjorie Matson, Pittsburgh, Pa., for Steve Gomori.

GOURLEY, Chief Judge.

This is a petition for writ of error coram nobis in forma pauperis arising out of a Pennsylvania State proceeding, which petitioner himself has prepared without aid of counsel, alleging denial of constitutional rights by reason of his conviction for transporting stolen goods.

It appears that petitioner was placed on parole after serving a portion of his prescribed sentence but was recommitted to serve the remainder of said sentence as a parole violator, 61 P.S.Pa. § 331.21a.

Petitioner contends that he is presently in detention by virtue of a new sentence and not by reason of the sentence which he seeks to challenge so that the only relief available to him is writ of coram nobis.

The writ of coram nobis is in the nature of an extraordinary writ to be granted when no other remedy is available and sound reason exists for failure to seek appropriate earlier relief, United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. It is designed to bring before the Court rendering the initial judgment such matters of fact which were unknown at the time the judgment was rendered, through no fault of the defendant, but which had they been known would have prevented rendition of the judgment, Commonwealth v. Harris, 351 Pa. 325, 41 A.2d 688.

The law appears settled that a recommitment for a parole violation does not constitute a new sentence but involves the completion of his detention under the original sentence, as evidenced by the fact that the time the petitioner was out on parole is not to be regarded as imprisonment to be credited on his sentence when he is recommitted for commission of a crime while out on such parole, Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; Stens v. Ashe et al., D.C.W.D.Pa., 86 F.Supp. 317. It is therefore axiomatic that petitioner is in detention by reason of his original sentence and that petitioner is free to pursue the procedures for writ of habeas corpus.

The allegation that the prosecution had knowingly used perjured or false testimony to obtain petitioner's conviction is an appropriate reason to claim unlawful imprisonment and seek relief by way of such writ, Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217.

Petitioner will therefore be required to file petition for writ of habeas corpus before the judge in the county where petitioner was sentenced, 12 Pa. P.S. § 1901, and in the event of refusal thereof, appeal to the Superior and Supreme Courts of Pennsylvania and petition for writ of certiorari to the Supreme Court of the United States.

Upon the exhaustion of these remedies, the United States District Court will be available to entertain such petition.

An appropriate order is entered.