Commonwealth ex rel. Goins, Appellant, *v.* Rundle.

Submitted May 27, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Fred Goins,* appellant, in propria persona.

*Frank P. Lawley, Jr.,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for appellee.

OPINION BY MR. JUSTICE ROBERTS, July 5, 1963:

This is an appeal from an order of the Court of Common Pleas of Dauphin County which sustained the preliminary objections of the Commonwealth and dismissed appellant's petition for mandamus.

Appellant was originally tried and sentenced in Allegheny County on May 15, 1947, to nine consecutive terms of imprisonment from one to two years for burglary and receiving stolen goods. The minimum total of these sentences would have expired March 15, 1956, and the maximum March 15, 1965. He escaped from the Allegheny County Workhouse on September 5, 1947. While an escapee, appellant committed robbery and was sentenced on two charges to terms of 5 to 10 years in the State Correctional Institution at Pittsburgh, to run consecutively at the expiration of the prior total sentence of 9 to 18 years. Appellant

was also sentenced to a term of one to two years for prison breach.

In July, 1949, appellant escaped again. During the period of his freedom, he committed robbery in Ohio where he was sentenced to imprisonment from one to 25 years. In March, 1953, Ohio authorities returned him to Pennsylvania where he was tried for prison breach (committed in 1949) and sentenced to a term of 3 to 6 years in the State Correctional Institution. Appellant was committed immediately to the Correctional Institution, and the Allegheny County Workhouse shortly thereafter requested that he serve the balance of the total sentence of 9 to 18 years in the former institution. That request was granted. After the transfer, the expiration dates of the original 9 to 18 years were corrected by taking into account the time appellant was an escapee, with the minimum expiring February 28, 1962, and the maximum on February 28, 1969.[1] Likewise, the dates of all other subsequent sentences, including a sentence of 5 to 10 years for assaulting another prisoner, imposed in May, 1960, have been adjusted accordingly.

Shortly prior to the expiration date of the recomputed minimum sentence in February, 1962, appellant was given an application for parole, which he destroyed after asserting that he did not want to prejudice his rights by completing the form. In September, 1962, he filed a "Petition for Writ of Mandamus" in the Court of Common Pleas of Dauphin County, in which he sought immediate release from the nine consecutive sentences of one to two years, or, at least, a recomputation of his sentences. The Commonwealth filed preliminary objections in the nature of a demurrer, which were sustained by the court below. Hence, this appeal.

---

[1] Appellant alleged that subsequent corrections reduced these dates by more than a month, but these do not appear on the record.

The court below observed initially that although petitioner styled it as "Mandamus", this action sounds as a petition for writ of habeas corpus. If treated as a petition for habeas corpus, the court below was without jurisdiction to hear it. However, considering it as a petition for writ of mandamus, the court correctly found the petition to be without merit.[2]

Appellant contends first that the minimum term of the nine consecutive sentences of one to two years should have expired on March 15, 1956, at which time he should have been granted an opportunity to apply for parole. He bases his conclusion on the assertion that he should have been given credit for the time spent as an escapee and as a prisoner in Ohio. However, this Court has held that the period of time during which a prisoner is an escapee cannot be credited against service of his sentence. *Commonwealth ex rel. McNeair v. Banmiller*, 392 Pa. 101, 139 A. 2d 633 (1958). So also with regard to imprisonment in another jurisdiction by reason of another offense. *Commonwealth ex rel. Tyson v. Day*, 181 Pa. Superior Ct. 259, 124 A. 2d 426 (1956). Therefore, the expiration date of sentence was properly recomputed by the disallowance of the time spent as a fugitive from Pennsylvania authorities.

It is further argued by appellant that the 3 to 6 year sentence for prison breach released him from serving the balance of the total sentence of 9 to 18 years. He bases this contention upon the second

[2] In view of the extraordinary nature of the writ of mandamus, it might be appropriate to observe that our determination here is not to be deemed approval of the use of mandamus in proceedings of this nature. "Mandamus is an extraordinary remedy and the writ will issue only where there is a clear legal right in the plaintiff, a corresponding duty on the part of the defendant, and a want of any other adequate, appropriate, and specific remedy. [Citing cases.]" *Mellinger v. Kuhn*, 388 Pa. 83, 85, 130 A. 2d 154, 155 (1957).

paragraph of the prison breach statute, The Penal Code of 1939, June 24, P. L. 872, §309, 18 P.S. §4309 (1945).[3] The entire section provides: "Whoever, being imprisoned after conviction, of an offense other than murder in the first degree, or where the sentence is imprisonment for life, breaks prison, although no escape is actually made by him, is guilty of prison breach, a misdemeanor, and upon conviction thereof, shall be sentenced to undergo imprisonment, to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned.

"The judges of the courts of oyer and terminer, quarter sessions and general jail delivery may sentence any prisoner who may be convicted of prison breach to the penitentiary for said offense, and add to said sentence for prison breach a further sentence to the said penitentiary for the remainder of the term which said prisoner was serving at the time of his escape or attempt to escape, and said sentence shall release the prisoner from serving the remainder of the term he was serving at the time of his escape or attempt to escape."

The language applicable to this case is found in the first paragraph, not the second. The statute requires that where the sentencing judge does not utilize the provisions of the second paragraph, the sentence for prison breach is "to commence from the expiration of his [the prisoner's] original sentence." The second paragraph permits sentence for prison breach to include the unserved portion of the term being served at the time of breach. When that procedure is utilized, the prior sentence is, in effect, vacated by its incorporation into the new sentence. Here, sentence was not im-

---

[3] This section was amended subsequent to appellant's conviction for prison breach by the Act of July 29, 1953, P. L. 1445, §1, as amended, 18 P.S. §4309 (Supp. 1961).

posed under the second paragraph, and the original sentences remain undisturbed. Therefore, the statute did not release appellant from serving the balance of the sentences previously imposed.

That appellant was committed immediately to the Correctional Institution rather than returned to the County Workhouse is immaterial, since the place of confinement is one authorized by law. The appellant, of course, may not select the penal institution to which he is committed.

The court below quite properly dismissed the petition, and that action must be affirmed.

Order affirmed.

