Fred A. NEWELL, Appellant,

v.

Ray H. PAGE, Warden, Oklahoma State Prison, Appellee.

No. 8606.

United States Court of Appeals Tenth Circuit.

June 27, 1966.

Rehearing Denied July 27, 1966.

Jack S. Ramirez, Wichita, Kan., for appellant.

Charles L. Owens, Asst. Atty. Gen. (Charles Nesbitt, Atty. Gen., on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

Appellant is presently confined in the Oklahoma State Penitentiary and appeals from an order of the United States District Court for the Eastern District of Oklahoma denying an application for a writ of habeas corpus. Relief had been denied earlier to appellant by the state court. Newell v. Page, Okl.Cr., 401 P.2d 1003.

During October 1943, appellant received and began to serve an Oklahoma state sentence of ten years. On February 3, 1945, he escaped but two days later was apprehended and arrested at Boise City, Oklahoma, by the county sheriff. On February 6, 1945, he was charged by the state with the crime of auto theft, robbery and being a fugitive. These charges were dismissed on February 8 and on February 14 appellant was released by the sheriff from his custody and surrendered to a United States Marshal. He was then taken to Oklahoma City to stand trial upon a federal kidnapping charge, was tried and convicted, received a ninety-nine year sentence, and was committed to Leavenworth. On December 27, 1961, appellant was released from Leavenworth under concurrent paroles granted by the United States and the State of Oklahoma. While on parole he committed a robbery, was arrested, convicted and sentenced to a term in the Oklahoma State Penitentiary. He completed service of this sentence on November 28, 1964, and is now serving the remainder of the sentence imposed in October 1943. His parole on this sentence was revoked by Oklahoma on May 3, 1962.

Appellant asserts that his present confinement is constitutionally unlawful because the state lost or waived jurisdiction to force appellant to serve his original sentence by delivering ap-

pellant to federal authority in 1945. This contention has no merit. The fact that appellant, after escape, was arrested and held by state authority did not cause his sentence to run again from the moment of arrest or during the period of arrest and his surrender to federal authority did not constitute a waiver or loss of state jurisdiction. Jacobs v. Crouse, 10 Cir., 349 F.2d 857. Nor has Oklahoma imposed upon appellant a split sentence. Appellant by his own act of escape interrupted his right to continuous service of his 1943 sentence and cannot complain of the acts of comity between sovereigns or the imposition and service of other lawful sentences that prolonged, again through his own conduct, the interruption of service of his original sentence.

Affirmed.