## James W. Harbold, Plaintiff *v.* Curtis C. Carson and Elmer J. Radtke, Jr., Defendants.

418

Submitted on briefs before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*James W. Harbold,* plaintiff, for himself.

*Glenn Gilman,* Deputy Attorney General, with him *J. Andrew Smyser,* Deputy Attorney General, Director, Office of Criminal Law, and *Robert P. Kane,* Attorney General, for defendants.

Opinion by President Judge Bowman, April 26, 1976:

Although the pleadings before us disclose some factual differences, those essential to disposition of the single issue raised by defendants' preliminary objections permit us to proceed. This opinion is limited to the question of whether state correctional officials can refuse to give an inmate who escapes or is absent without permission of the authorities credit against his or her sentence for the period of unauthorized absence, even though said inmate was not convicted of escape, prison breach, or similar crime.

James W. Harbold (plaintiff) was sentenced to life imprisonment by the York County Court of Common Pleas on June 15, 1962. In 1973, the Governor commuted plaintiff's sentence and a minimum sentence was established. Subsequently, while plaintiff was assigned to the Community Service Center at York, he was reported missing and was not in the custody of correctional officials from July 9-September 12, 1974. Plaintiff was charged with escape, but was not convicted because the lower court dismissed the charges for procedural reasons. Notwithstanding the want of a conviction, plaintiff's records were amended and his minimum sentence date was changed to reflect the two months and three days of unauthorized absence.

As a result of the aforesaid administrative action, plaintiff filed in York County Court of Common Pleas a "Motion for Permanent Restraining Order" naming Curtis C. Carson, Records Officer at the State Correctional Institution at Huntingdon, and Elmer J. Radtke, Jr., a parole case specialist, defendants. In essence, plaintiff seeks an order directing defendant Carson to restore his pre-escape minimum sentence date and defendant Radtke to restore the pre-escape date for parole eligibility.

By order dated November 20, 1975, the lower court transferred this matter to this Court, noting this Court's jurisdiction over actions against the Board of Probation and Parole.[1] Although captioned as a "Motion for Perma-

---

1. Because the Parole Board is *not* the defendant, we have serious reservations concerning our jurisdiction here. It is doubtful that defendants are *officers* of the Commonwealth, so as to bring this action within our original jurisdiction. *See Freach v. Commonwealth*, 23 Pa. Commonwealth Ct. 546, A.2d (1976); *Reiff v. Commonwealth*, 23 Pa. Commonwealth Ct. 537, A.2d (1976); *Forney v. Harrisburg State Hospital*, 18 Pa. Commonwealth Ct. 17, 336 A.2d 709 (1975). However, in view of the fact that this case has already been transferred to us and the importance of a timely decision, we will decide this case on the merits.

nent Restraining Order," we will, because of the nature of the relief requested, treat it as a complaint in mandamus. Defendants have filed preliminary objections in the nature of a demurrer, which are now before us.

"It is axiomatic that the extraordinary relief of mandamus only lies when the plaintiff's right to relief is clear and convincing." *Commonwealth ex rel. Dawson v. Board of Probation and Parole,* 17 Pa. Commonwealth Ct. 550, 552, 333 A.2d 796, 796-97 (1975). Plaintiff's rights are not clear, and, therefore, defendant's preliminary objections are sustained.

Our Supreme Court has in the past refused to permit escapees or fugitives any credit for time spent at large upon returning to finish their original sentence. *Commonwealth ex rel. Goins v. Rundle,* 411 Pa. 590, 192 A.2d 720, *cert. denied,* 375 U.S. 959 (1963); *Commonwealth ex rel. McNeair v. Banmiller,* 392 Pa. 101, 139 A.2d 633 (1958). In neither case did the Supreme Court mention or appear to require a conviction. As Mr. Justice ROBERTS concluded in *Goins,* "the expiration date of sentence was properly recomputed by the disallowance of the time spent as a fugitive from Pennsylvania authorities." 411 Pa. at 593, 192 A.2d at 722. Similarly, the Superior Court, in a case where the escapee was *not* charged with prison breach, refused to give credit against the sentence for the freedom enjoyed by a fugitive subsequent to escape. *Commonwealth ex rel. Tyson v. Day,* 181 Pa. Superior Ct. 259, 124 A.2d 426 (1956).

Further, statutory law[2] governing the State Correctional Institution at Camp Hill, whose officials supervise the Community Service Center at York, grants prison officials discretion in adding escape time to a prisoner's sentence.

---

2. Section 5 of the Act of June 6, 1893, P. L. 326, *as amended,* 61 P. S. §524.

In summary, in view of the refusal of our courts to grant sentence credit for escape time, the discretion given correctional officials by statute and the sound policy in preventing inmates from deriving benefit from unauthorized absence from proper authorities, we must dismiss plaintiff's complaint for failure to state a cause of action in mandamus.

ORDER

Now, April 26, 1976, the preliminary objections of defendants are sustained and the complaint of James W. Harbold is dismissed.