Ernest Robinson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Justice and Bureau of Corrections of Pennsylvania and D. E. Knoll, Records Officer for Bureau of Corrections of the State Correctional Institution at Graterford, Pennsylvania, Respondents.

Submitted on briefs, August 3, 1977, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ernest Robinson,* petitioner, for himself.

*Peter Foster,* Deputy Attorney General, with him *J. Andrew Smyser,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondents.

OPINION BY PRESIDENT JUDGE BOWMAN, September 29, 1977:

To a petition for review by petitioner pro se, Ernest Robinson, respondents have filed a preliminary

objection in the nature of a demurrer. Such a preliminary objection admits as true all well and clearly pleaded material factual averments and all inferences fairly deducible therefrom. *Yania v. Bigan,* 397 Pa. 316, 155 A.2d 343 (1959); *Mistick v. Cammack,* 397 Pa. 296, 154 A.2d 588 (1959); *Vance v. Kassab,* 15 Pa. Commonwealth Ct. 328, 325 A.2d 924 (1974). Conclusions of law and unjustified inferences are not so admitted. *Lerman v. Rudolph,* 413 Pa. 555, 198 A.2d 532 (1964). We thus consider whether petitioner has stated on the face of his petition a cause of action which, if proved, would entitle him to the relief sought. *Yania v. Bigan, supra.* If upon such examination of the petition there remains doubt as to the propriety of dismissing the petition, the demurrer shall not be granted. *Borden v. Baldwin,* 444 Pa. 577, 281 A.2d 892 (1971).

On June 25, 1973, petitioner was sentenced to a term of five to eighteen years. With credit for time served, the effective date thereof was April 17, 1972. The minimum date was April 17, 1977, and the maximum date was April 17, 1990.

On September 30, 1975, while participating in a work-release program, petitioner failed to return to custody. A warrant charging him with escape under 18 Pa. C.S. §5121 was sworn on October 1, 1975, and on January 20, 1977, petitioner was apprehended. A preliminary hearing on the escape charge was conducted on January 25, 1977, and petitioner was bound over for trial. On that same date, the record officer at the State Correctional Institution at Graterford took upon himself to administratively adjust the effective, minimum and maximum dates of petitioner's sentence so as to deny him credit for the time during which he was at large as an escapee—one year, three months and nineteen days.

Petitioner advances three legal contentions: (1) that he has been subjected to unconstitutional double jeopardy by having his sentence adjusted simultaneously with being charged with escape; (2) that the record officer lacked authority to take such action because the adjustment of a sentence is a judicial function; and (3) that respondents' failure to provide him with a hearing prior to adjusting his sentence violated petitioner's due process rights.

Petitioner's double jeopardy contention is without merit. An escapee is entitled to no credit for time spent at large prior to being apprehended. *Commonwealth ex rel. Goins v. Rundle,* 411 Pa. 590, 192 A.2d 720, *cert. denied,* 375 U.S. 959 (1963); *Commonwealth ex rel. McNeair v. Banmiller,* 392 Pa. 101, 139 A.2d 633 (1958); *Harbold v. Carson,* 24 Pa. Commonwealth Ct. 417, 356 A.2d 835 (1976). While a prisoner cannot be compelled to serve a sentence in installments and has a right to serve his sentence continuously, by his act of escape he tolls the running of the sentence so that any lawfully imposed sentence may be extended accordingly without giving rise to a double jeopardy violation. *Newell v. Page,* 362 F.2d 538 (10th Cir. 1966), *cert. denied,* 385 U.S. 1015, *rehearing denied,* 386 U.S. 929 (1967); *Phillips v. Dutton,* 378 F.2d 898 (5th Cir. 1967); *McDonald v. Lee,* 217 F.2d 619, 623 (5th Cir. 1954), *vacated as moot,* 349 U.S. 948 (1955); 24B C.J.S. *Criminal Law* §1995 (1962).

Petitioner's contention that only a judicial body may redetermine an escapee's sentence is likewise without merit, as such a redetermination constitutes not the imposition of a new sentence but merely completion of service of the original judicially imposed sentence. *United States ex rel. Gomori v. Maroney,* 196 F. Supp. 190 (W.D. Pa. 1961), *aff'd,* 300 F.2d 755 (3d Cir. 1962). Not being a judicial function, a proper recomputation of a sentence may constitutionally be

performed administratively. *See generally Commonwealth ex rel. Thomas v. Myers,* 419 Pa. 577, 215 A.2d 617 (1966) ; *Commonwealth v. Bigley,* 231 Pa. Superior Ct. 492, 331 A.2d 802 (1974).

Respondents contend that they may recompute an escapee's sentence without affording to him a due process hearing. In support of this contention, respondents argue that notice *following* recomputation is sufficient because recomputation of an escapee's sentence is merely a "very slight" infringement upon his liberties.

In *Wolff v. McDonnell,* 418 U.S. 539 (1974), the Supreme Court held that while prisoners cannot claim the full panoply of constitutional rights afforded to citizens in general, they do retain the basic protections afforded by due process which may, in the context of their status as prison inmates, be limited. The Court went on to hold that depriving a prisoner of "good time" pursuant to disciplinary action was a sufficient infringement upon his rights by the State to warrant minimal due process safeguards. *Cf. Gagnon v. Scarpelli,* 411 U.S. 778 (1973) ; *Morrissey v. Brewer,* 408 U.S. 471 (1972). Respondents' actions in this instance were no less an infringement and it cannot be reasonably argued today that State action in the nature of a criminal sanction need not be preceded by some form of due process hearing merely because the action is taken by an administrative body in a "civil" proceeding. *See Anderson v. Nelson,* 352 F. Supp. 1124, 1127 (N.D. Cal. 1972).

Accordingly, we hold that *Wolff v. McDonnell, supra,* applies to the redetermination of an escapees's sentence and that the procedural due process safeguards established therein must be afforded such a prisoner.

ORDER

Now, September 29, 1977, the preliminary objection of respondents is hereby overruled. Respondents shall file and serve their answer to the above petition for review within thirty (30) days of the date of this Order.