Judson Spencer, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, November 29, 1977, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Judson Spencer*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for respondent.

Opinion by Judge Blatt, January 25, 1978:

Judson Spencer (Spencer) filed a complaint in mandamus, which this Court will consider to be a petition for review, requesting us to quash a parole detainer lodged against him and to direct the Pennsylvania Board of Probation and Parole (Board) to reinstate him to parole status. The Board has raised preliminary objections in the nature of a demurrer.

A demurrer admits as true all well and clearly pleaded material factual averments and all inferences fairly deducible therefrom and we must, therefore, consider at this time whether or not Spencer has stated on the face of his petition a cause of action which, if proved, would entitle him to the relief he seeks. *Robinson v. Department of Justice*, 32 Pa. Commonwealth Ct. 77, 377 A.2d 1277 (1977). His petition avers that he had been paroled on June 17, 1975 after serving one and one-half years of a one-to-four-year term for assault with intent to kill. On August 19,

1976 he was arrested and charged with delivery of a controlled substance, and, as a result, the Board lodged a detainer against him on the same day. He was given a preliminary hearing on these charges and a separate preliminary parole revocation hearing on August 26, 1976. On December 2, 1976, he was convicted of one count of delivery of a controlled substance and two counts of conspiracy. He further avers that, despite his requests, the Board has failed to grant him a parole revocation hearing, and he contends that the Board's refusal to grant him a parole revocation hearing has denied him due process.

Chapter 71 of the Board's regulations, found at 7 Pa. B. 487, provides that "[t]he hearing shall be held within 120 days from the date the Board received official verification of the . . . guilty verdict at the highest trial court level" and that "immediate notification" of a finding of guilt should be forwarded to the Board. On the face of the petition here concerned, therefore, we believe that Spencer has stated a cause of action. *See also Gant v. Pennsylvania Board of Probation and Parole*, 32 Pa. Commonwealth Ct. 627, 380 A.2d 510 (1977). The Board may, when it answers the petition, deny the facts alleged or explain why the 120-day rule should not apply in this case.

We need not examine Spencer's other contentions in view of our determination that the Board's preliminary objections must be overruled with a direction to the Board to file an answer.

ORDER

AND Now, this 25th day of January, 1978, the preliminary objections of the Pennsylvania Board of Probation and Parole are hereby overruled. The Board shall file and serve its answer to the above petition for review within thirty (30) days of the date of this Order.