Ernest Robinson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Justice and Bureau of Corrections of Pennsylvania and D. E. Knoll, Records Officer for Bureau of Corrections of the State Correctional Institution at Graterford, Pennsylvania, Respondents.

Submitted on briefs, June 1, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Ernest Robinson*, petitioner, for himself.

*Peter Foster*, Deputy Attorney General, *J. Andrew Smyser*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for respondents.

Opinion by Judge DiSalle, September 12, 1978:

This involves a motion for summary judgment under Pennsylvania Rule of Civil Procedure 1035. The Commonwealth of Pennsylvania, Department of Justice and Bureau of Corrections and D. E. Knoll (Respondents) filed the motion in an action initiated by a petition for review filed by petitioner pro se Ernest Robinson (Petitioner).

On June 25, 1973, Petitioner was sentenced to a term of five to eighteen years. With credit for time served, the effective date thereof was April 17, 1972.

The minimum date was April 17, 1977, and the maximum date was April 17, 1990.

On September 30, 1975, while participating in a work-release program, Petitioner failed to return to custody. A warrant charging him with escape under 18 Pa. C.S. §5121 was issued on October 1, 1975, and on January 20, 1977, Petitioner was apprehended. A preliminary hearing on the escape charge was conducted on January 25, 1977, and petitioner was bound over for trial. On that same date, the records officer at the State Correctional Institution at Graterford took it upon himself to administratively adjust the effective minimum and maximum dates of petitioner's sentence so as to deny him credit for the time during which he was at large as an escapee—one year, three months and nineteen days.

In response to this recomputation of his original sentence, Petitioner filed a petition for review in this Court seeking reinstatement of his original minimum and maximum sentencing dates, and credit for all time served. The petition advanced three legal contentions in support of the relief requested: (1) that Petitioner had been subjected to double jeopardy by having had his sentence adjusted simultaneously with being charged with escape; (2) that the records officer had lacked authority to take such action because the adjustment of a sentence is a judicial function; and (3) that respondents' failure to provide him with a hearing prior to adjusting his sentence had violated his due process rights.

Respondents thereafter filed a preliminary objection in the nature of a demurrer to the petition. Upon consideration of this objection, President Judge BOWMAN ruled that the first two contentions raised by Petitioner were clearly without merit in view of the applicable case law. *Robinson v. Department of Justice,* 32 Pa. Commonwealth Ct. 77, 80-81, 377 A.2d

1277, 1278-79 (1977). As to Petitioner's third contention, however, Judge BOWMAN held that "it cannot be reasonably argued today that State action in the nature of a criminal sanction need not be preceded by some form of due process hearing merely because the action is taken by an administrative body in a 'civil' proceeding." (Citation omitted.) 32 Pa. Commonwealth Ct. at 81, 377 A.2d at 1279. Since Respondents admitted not having afforded the Petitioner a hearing, their preliminary objection was overruled and they were ordered to answer the petition for review within 30 days.

Respondents thereafter filed an answer. In addition, they prepared a memorandum setting forth the recomputation of Petitioner's sentence, and informed him that he could request a hearing on this "tentative" adjustment within 15 days of receiving the memorandum. It also informed him that at this hearing he could question the records officer concerning the recomputation of his sentence and present evidence in his behalf. The memorandum stated that failure to request a hearing within the period allowed would result in his "tentative" adjusted sentence becoming effective.

On November 13, 1977, this memorandum was presented, read, and verbally explained to the Petitioner in person. The Petitioner refused to accept the notice or to sign an acknowledgment that he had received it. Moreover, on November 25, 1977, the Petitioner filed in this Court a petition for injunctive and declaratory relief requesting that this Court freeze his status as an inmate at the State Correctional Institution at Graterford and compel Respondents to produce the memorandum offered to Petitioner for his signature. In consideration of this petition President Judge BOWMAN issued an order dated December 14, 1977. This provided pertinently:

1. Petitioner's request for a subpoena duces tecum is hereby denied.

2. Petitioner's refusal to sign said document shall be without prejudice.

3. Respondents shall afford to petitioner another opportunity to sign said document explaining fully therein the effect of his signing should he choose to do so.

4. Should petitioner again refuse to sign said document, such refusal shall be without prejudice.

5. Should petitioner again refuse to sign said document, respondents shall take no further action to alter petitioner's status without leave of this Court pending the final disposition of these proceedings.

On January 31, 1978, Respondents again presented the memorandum to the Petitioner at which time he again refused to accept or to sign for it.

Following Petitioner's second refusal, the Respondents filed the motion for summary judgment now before this Court. Respondents argue that the Petitioner's failure to request a hearing consistent with the memorandum presented and explained to him constituted a waiver of his right to a due process hearing in this case. They contend that the issues raised in the Petitioner's original petition for review are moot and that his sentence was properly recomputed.

The order issued by Judge Bowman on December 14, 1977, states clearly that "[s]hould petitioner again refuse to sign said document [memorandum], said refusal shall be without prejudice." It would undoubtedly be prejudicial to the Petitioner at this point to conclude that his failure to sign the Respondents' memorandum or to request a hearing consistent with it resulted in a waiver of his due process hearing

rights. We cannot understand nor countenance, however, the Petitioner's refusal to request the very due process hearing which lies at the center of this dispute.[1] Although the Petitioner refused to sign the Respondents' memorandum informing him of their recomputation of his sentence and his right to a hearing if he still wanted one, the facts show that he did receive notice of this.

In view of the posture of this case and Judge Bowman's order of December 14, 1977, we will not grant Respondents' motion for judgment at this time. We will afford the Petitioner a further opportunity to request a hearing on the recomputation of his sentence if he so desires. This request should be in writing and made within 15 days of receipt of this opinion. Failure by the Petitioner to request such a hearing will result in Respondents' motion for summary judgment being granted. See Commonwealth v. Norman, 447 Pa. 217, 285 A.2d 523 (1971).

ORDER

AND Now, this 12th day of September, 1978, Petitioner, Ernest Robinson, may request in writing a due process hearing within 15 days of receipt of the opinion and order in this case. In the event Petitioner does not request such a hearing, Respondents, Commonwealth of Pennsylvania, Department of Justice and Bureau of Corrections of Pennsylvania and D. E. Knoll, are directed to submit to this Court an affidavit to this effect, whereupon the motion for summary judgment filed by Respondents will be granted.

---

[1] It is not Petitioner's refusal to sign the memorandum which is significant here; it is his failure and refusal to request a hearing. His signing of the memorandum would merely have indicated his receipt thereof. If he agrees with the recomputation, of course, no hearing would be necessary.