Dewitt David Poindexter, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, June 19, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and Mac-Phail.

*Dewitt David Poindexter,* petitioner, for himself.

*Stephen J. Mascherino,* Assistant Attorney General, *Robert A. Greevy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Craig, November 2, 1979:

Petitioner was serving a sentence of five-to-twenty years at the State Correctional Institution at Graterford with a recomputed minimum sentence date of September 22, 1976 and maximum date of September 22, 1991, when he was assigned to the Philadelphia Community Treatment Center.[1] He absconded from the Center on December 27, 1975.

In August of 1976, he was arrested and charged with escape and several other offenses. The prosecu-

---

[1] Petitioner had been convicted of aggravated robbery, a crime he committed while on parole from a previous sentence for aggravated robbery. After his second conviction he had been recommitted as a convicted parole violator, but was reparoled after the recommitment to re-enter Graterford to begin serving the five to twenty-year sentence, recomputed to be effective September 22, 1971.

tion withdrew the other charges without prejudice in January of 1977, and, on March 15, 1977, the court dismissed the charge of escape pursuant to Pennsylvania Rule of Criminal Procedure 1100.[2]

Also on March 15, the Pennsylvania Board of Probation and Parole (Board) decided that petitioner's parole consideration would be continued pending disposition of the new criminal charges and that in the interim he would continue serving his five-to-twenty year sentence.

However, after the escape charge was dismissed, petitioner did not return to the Center.

He was arrested again on November 20, 1978[3] and transferred back to Graterford on November 22, 1978.[4]

On November 24, 1978, petitioner received notice from the records officer at Graterford of proposed administrative action to modify his sentence to reflect all his "escape" time of two years, ten months and twenty-one days, thereby establishing a new minimum

---

[2] Rule 1100 provides in part that when a written complaint is filed after June 30, 1974 the trial must commence no later than 180 days from the date on which the complaint is filed.

[3] Petitioner alleges that he has been in custody since September 27, 1978. The Board record filed lists November 20, 1978 as the date of the arrest. Although the discrepancy in custody dates leaves open a disputed issue of fact, it is not a fact material to the disposition of this case because petitioner is not alleging that he has not received full and appropriately-applied credit for all time spent in *custody*.

Consequently, pursuant to the cross-motions for summary judgment, this case is ripe for disposition under Pa.R.C.P. No. 1035, in that there exists no dispute as to any material facts necessary to decide the issues raised.

[4] The Board record indicates that petitioner was transferred to Graterford on November 27, 1978, but an affidavit filed by the Data Service Supervisor of the Department of Records at Graterford avers November 22 as the transfer date.

Because petitioner adopts this affidavit in his brief, we deem its dates to be controlling.

date of August 13, 1979 and new maximum date of August 13, 1994.

The notice also informed him that such action would be taken as a matter of course unless he wished to appear before the Program Review Committee to contest the charge.

Petitioner refused to sign the proffered request to appear before the Committee, and the sentence change became final on December 9, 1978, no hearing having been requested within fifteen days.

Petitioner raises two issues:

First, he challenges the substantive validity of the denial of credit on his sentence for the period of "escape status", absent a conviction for escape.

Second, he raises issue of the procedural validity of an administrative recomputation of his sentence, the recomputation having been made by the records officer at the State Correctional Institution at Graterford.

In *Harbold v. Carson,* 24 Pa. Commonwealth Ct. 417, 356 A.2d 835 (1976), we dismissed a mandamus petition which sought to compel the records officer at the State Correctional Institution at Huntingdon to restore the inmate's pre-escape minimum sentence. The case law we relied on there is controlling. *Commonwealth ex rel. Goins v. Rundle,* 411 Pa. 590, 192 A.2d 720, *cert. den.,* 375 U.S. 959, 84 S.Ct. 449 (1963); *Commonwealth ex rel. McNeair v. Banmiller,* 392 Pa. 101, 139 A.2d 633 (1958); and *Commonwealth ex rel. Tyson v. Day,* 181 Pa. Superior Ct. 259, 124 A.2d 426 (1956) all establish the proposition that escapees or fugitives have no entitlement to credit for time spent on unauthorized absence from the appropriate authorities, even though they are not formally convicted of escape.

As to the second issue, the law is clear that the records officer of Graterford did not usurp judicial

authority in administratively recomputing petitioner's maximum sentence.[5]

In *Robinson v. Department of Justice* we said:

> Petitioner's contention that only a judicial body may redetermine an escapee's sentence is likewise without merit, as such a redetermination constitutes not the imposition of a new sentence but merely completion of service of the original judicially imposed sentence. United States ex rel. Gomori v. Maroney, 196 F. Supp. 190 (W.D. Pa. 1961), aff'd, 300 F.2d 755 (3d Cir. 1962). Not being a judicial function, a proper recomputation of a sentence may constitutionally be performed administratively. See generally Commonwealth ex rel. Thomas v. Myers, 419 Pa. 577, 215 A.2d 617 (1977); Commonwealth v. Bigley, 231 Pa. Super. 492, 331 A.2d 802 (1974).

32 Pa. Commonwealth Ct. 77, 80-81, 377 A.2d 1277, 1279 (1977).

Petitioner's further demand, that the Board grant him a parole hearing on the basis of his computation

---

[5] In *Robinson*, however, we also held that procedural due process safeguards must be provided even though the action is taken by an administrative body because such a recomputation nevertheless retains the essence of state action in the nature of a criminal sanction.

In *Robinson v. Department of Justice*, 37 Pa. Commonwealth Ct. 500, 391 A.2d 33 (1978) we dealt with the due process hearing problem raised in the previous *Robinson* case where the same petitioner then refused to acknowledge the notice of recomputation presented to him by the correctional officials. We did not equate his refusal to acknowledge the notice with a waiver of his right to a hearing.

However, in this case, we have the affidavit informing us that petitioner refused to sign a request to appear before the Program Review Committee to contest his status change. We cannot interpret that as anything other than a refusal to have the hearing to which he was entitled. Hence, there is no issue of due process to resolve.

188

of minimum sentence expiration date, is now moot in that his minimum sentence expired on August 13, 1979, under the computation approved here. Under the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.-21, petitioner is now eligible for parole consideration by the Board, even though his computation is rejected.

Therefore, respondent's motion for summary judgment is granted.

ORDER

AND Now, this 2nd day of November, 1979, the motion for summary judgment of respondent, Pennsylvania Board of Probation and Parole, is hereby granted.