George J. Beckett, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Bureau of Corrections, Respondent.

Submitted on briefs, December 4, 1981, to President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT, WILLIAMS, JR., CRAIG, MACPHAIL and PALLADINO.

*George J. Beckett, Jr.,* petitioner, for himself.

*Marc G. Brecher,* Deputy Attorney General, with him *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, January 19, 1982:

Mr. Beckett (Petitioner), pro se, has filed a Petition for Review (Petition) alleging that certain of his constitutional rights were violated when his sentence was recomputed administratively without a prior hearing by the addition of "over 6 months" to the minimum and maximum terms of his sentence because of his escape while on the work release program of the State Correctional Institution at Graterford. The Bureau of Corrections (Bureau) has filed a preliminary objection in the nature of a demurrer asserting that Petitioner was not entitled to a prior administrative hearing, that the Petition was untimely filed and that the Petition is moot because the Petitioner was granted an administrative hearing on June 3, 1981.

Of course, in ruling upon a preliminary objection in the nature of a demurrer, we look only to the challenged pleading and accept as true all well pleaded material factual averments and all inferences fairly deducible therefrom. *Robinson v. Department of Justice,* 32 Pa. Commonwealth Ct. 77, 377 A.2d 1277 (1977). Since the Bureau's argument regarding mootness is based upon factual information not included in the Petition, *a fortiori,* it must be rejected.

The Petition states that the escape incident occurred in 1977 and that the Petitioner's sentence was

recomputed but there is no indication in the Petition *when* such recomputation occurred.[1] Again, since we are limited to a consideration of facts set forth in the Petition, we must reject the Bureau's argument that the Petition has not been timely filed.

In *Robinson,* this Court held under somewhat similar circumstances that the sentence of an escaped prisoner cannot be recomputed without giving the prisoner a due process hearing. Bureau admits that *Robinson* would be controlling on the matter of entitlement to an administrative hearing for such cases after September 29, 1977, the date on which *Robinson* was filed, but they also contend that the Bureau need not apply that decision retroactively because it relates to administrative procedures. First, we note that Petitioner returned to the State Correctional Institution in July of 1977. As we have previously observed, the Petition does not recite when the sentence was recomputed. Certainly the time span between July and September of 1977 is so short that one might reasonably expect that the bureaucratic process which resulted in the recomputation complained of did occur after the *Robinson* decision came down. In any event, there is nothing in the Petition which would indicate that that is not the fact. In addition, we are not at all convinced that *Robinson* should not be applied retroactively. In *Robinson* we held that the failure of the Bureau to provide the prisoner with an administrative hearing was an infringement upon the prisoner's due process rights as guaranteed by the constitution of the United States, citing *Wolff v. McDonnell,* 418 U.S. 539 (1974). Notwithstanding the Bureau's argument that *Wolff* also holds that judicial

---

[1] In his brief, Petitioner alleges that he did not know of the recomputation until June, 1980.

decisions affecting administrative procedures are not to be retroactively applied, it is our opinion that our decision in *Robinson* in 1977 merely affirmed that such a right to an administrative hearing has been guaranteed under Federal law since 1974. Former President Judge BOWMAN, writing for a unanimous court in *Robinson* said:

> Accordingly, we hold that Wolff v. McDonnell, supra, applies to the redetermination of an escapees's [sic] sentence and that the procedural due process safeguards established therein must be afforded such a prisoner.

*Id.* at 81, 377 A.2d at 1279. Accordingly, we must reject the Bureau's argument that Petitioner was not entitled to an administrative hearing prior to the recomputation of his sentence.

For the reasons set forth above, the Bureau's preliminary objection must be overruled.

## ORDER

AND Now, this 19th day of January 1982 the preliminary objection of the Bureau of Corrections is overruled.

Judge PALLADINO did not participate in the decision in this case.