William M. Nicastro, Petitioner *v.* Julius T. Cuyler, Superintendent of the State Correctional Institution at Graterford et al., Respondents.

Submitted on briefs November 23, 1982, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Barnaby C. Wittels, LaCheen & Alva,* for petitioner.

*David M. Donaldson,* Deputy Attorney General, with him *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE WILLIAMS, JR., November 29, 1983:

William Nicastro (petitioner) has filed a petition for review in the nature of a complaint in mandamus requesting this Court to direct the Bureau of Corrections to credit him with the period of several months he spent incarcerated in Canada.[1] The Commonwealth has filed a motion for a summary judgment.[2]

On April 9, 1979, the petitioner escaped from the State Correctional Institution at Graterford while

---

[1] The party named as respondent in Nicastro's petition for review was the Pennsylvania Bureau of Corrections. Thereafter, Julius T. Cuyler, Superintendent of the State Correctional Institution at Graterford, and the State Attorney General were named as the respondents. For the sake of convenience, we have adopted the term "Commonwealth" to designate the parties-respondent in this case.

[2] Mr. Nicastro's petition was initially filed as an appeal under 42 Pa. C. S. §763    On June 15, 1982, we entered an order directing that his petition be treated as an original-jurisdiction matter under 42 Pa. C. S. §761.

serving a sentence of five to ten years. He was returned to Graterford on January 23, 1981, after having been arrested in Sudbury, Ontario, Canada, on April 17, 1979.

In Nicastro's petition for review, he alleges that he was arrested by Canadian authorities on April 17, 1979, due to a Pennsylvania detainer, and held in custody until May 9, 1979. According to Nicastro, he was free from custody between May 9, 1979, and June 15, 1979, but required to report twice each day to Canadian immigration authorities. He also alleges that on June 15, 1979, an immigration hearing was held, and that thereafter he was ordered deported and placed in custody until such deportation could be made. The petitioner further states that after the issuance of the June 15, 1979 order, he was placed in the custody of the Royal Canadian Mounted Police until September 21, 1979, when he was transferred to a Canadian jail. He alleges that he was held in the Canadian jail until his bailed release on December 16, 1979. On December 17, 1979, according to the petitioner, he was arrested on Canadian criminal charges. He additionally states that, on December 18, 1979, he was again held pursuant to a Pennsylvania detainer. The petitioner alleges that on July 29, 1980, he was sentenced to a term of eighteen months in prison for the Canadian criminal charges, and that subsequently, on December 10, 1980, he was released from prison. Lastly, the petitioner states that he waived extradition and was transferred to the Federal Correctional Facility at Lewisburg on December 11, 1980, and then to Graterford on January 23, 1981.

The Commonwealth responded to Nicastro's petition by admitting that he had been arrested in Canada on April 17, 1979, pursuant to a Pennsylvania detainer, and held in custody until April 23, 1979. How-

ever, the Commonwealth denies that the petitioner was transferred to other custody, or held in custody between April 23, 1979 and December 8, 1979. The Commonwealth alleges that the petitioner was free from custody until a December 8, 1979 arrest on Canadian criminal charges and another Pennsylvania detainer; and denies that on December 18, 1979, the petitioner was detained pursuant to a Pennsylvania detainer. The Commonwealth admits that on July 29, 1980, the petitioner was sentenced by a Canadian court to a term of eighteen months in prison. Furthermore, the Commonwealth admits that the petitioner waived extradition and was subsequently returned to the United States.

The petitioner contends that he should receive credit for the entire time he spent incarcerated in Canada for immigration purposes and Canadian criminal offenses, in addition to the periods of incarceration attributable to the Pennsylvania detainer. He asserts that his situation is analogous to that of a parolee detained on a parole violation detainer. In that regard, he relies on *Davis v. Cuyler,* 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978), in which we held that when a parolee's confinement is due solely to the lodging of a detainer by the Pennsylvania Board of Probation and Parole, the time served in confinement must be credited against the parolee's original sentence.

The Commonwealth, in moving for summary judgment, has submitted a memorandum of law and supporting affidavits. The petitioner answered the Commonwealth's motion and submitted a memorandum of law; however, he did not submit any supplemental material in support of his answer.

The Commonwealth contends that the petitioner, as a matter of law, is not entitled to credit for time

served pursuant to the sentence imposed for a conviction by the Canadian court. In support of its motion for summary judgment, the Commonwealth directs our attention to the affidavit of the Records Officer for the jail in Sudbury, Ontario, Canada. In that affidavit it is stated "that William M. Nicastro was at Sudbury Jail from April 17, 1979 to April 23, 1979 for immigration purposes only and that he was at the Sudbury Jail from December 18, 1979 to August 20, 1980 for Canadian criminal charges as well as for immigration purposes." Accompanying this affidavit are copies of the petitioner's "Inmate Record," which was compiled during his incarceration at the Sudbury Jail.

When a motion for summary judgment is made and supported, as provided in Pa. R.C.P. No. 1035, the adverse party in responding may not rely solely on the allegations or denials of his pleadings, but must submit supplemental materials which establish a genuine issue of a material fact. Pa. R.C.P. No. 1035(b). Since the petitioner did not so respond, we must accept as true the Commonwealth's statement of the facts concerning the reason for the petitioners' incarceration from December 18, 1979, until August 20, 1980. *Blair v. Pennsylvania Board of Probation and Parole*, 47 Pa. Commonwealth Ct. 636, 408 A.2d 907 (1979). As noted, the Commonwealth supported its motion for summary judgment with an affidavit, from the Records Officer at the Sudbury Jail, showing that Nicastro was there incarcerated from December 18, 1979 until August 20, 1980 as a result of Canadian criminal charges. Although that same affidavit indicates that, from April 17, 1979 until April 23, 1979, the petitioner was incarcerated solely for immigration reasons, the Commonwealth has asserted no allega-

tion or argument regarding that period.[3]  The Commonwealth only argues against crediting the petitioner with time served in Canadian custody pursuant to the Canadian criminal charges.

The petitioner would have us apply case law which is clearly distinguishable from the instant matter. The *Davis* case involved a parolee's right to receive credit for time spent incarcerated *solely* because of the lodging of a parole violation detainer.  We cannot apply *Davis* to give the petitioner credit for periods of incarceration served for a Canadian criminal conviction.  *Davis* is not controlling in a case where, as here, an escapee is arrested and held in custody for foreign criminal offenses.  An escapee is not entitled to receive credit for time spent on unauthorized absences from the appropriate authorities. *Harbold v. Carson,* 24 Pa. Commonwealth Ct. 417, 356 A.2d 835 (1976).  The same is true with regard to imprisonment in another jurisdiction by reason of another offense.  *Commonwealth ex rel. Tyson v. Day,* 181 Pa. Superior Ct. 259, 124 A.2d 426 (1956).  Accordingly, the petitioner is not entitled to receive credit for any time he was incarcerated in Canada for the Canadian criminal charges.  The foregoing principles would also preclude credit for any time the petitioner was held in custody by Canadian authorities solely for immigration reasons.  That period, however, was not within the compass of the Commonwealth's motion for summary judgment.

As to the period the petitioner was incarcerated in Canada pursuant to Canadian criminal charges,

---

[3] The Commonwealth's answer to the petitioner's amended petition for review states that the Commonwealth granted petitioner's request for credit for time spent in custody in Canada pursuant to the Commonwealth's detainer; that time being the period between April 17, 1979 and April 23, 1979.

the Commonwealth's motion for summary judgment is granted.

ORDER

AND Now, the 29th day of November, 1983, based on the motion for summary judgment filed by the respondents in the above-captioned matter; and based also on the material in support of the motion and the petitioner's material in opposition, we hereby order, adjudge and decree as follows: that the petitioner is not entitled to have credited against his state sentence the period of time he spent incarcerated in Canada as a result of Canadian criminal charges.